# IN THE COURT OF APPEALS OF IOWA

No. 15-1474
Filed February 24, 2016

**IN THE INTEREST OF K.Y.,**
**Minor Child,**

**J.Y., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

　　A mother appeals from the order terminating her parental rights. **AFFIRMED.**

　　Judith Jennings Hoover of Hoover Law Office, P.C., Cedar Rapids, for appellant mother.

　　Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

　　Julie Gunderson Trachta of Linn County Advocate, Inc., Cedar Rapids, for minor child.

　　Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

A mother appeals the termination of her parental rights.[1]  Upon our de novo review, *see In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we conclude there is clear and convincing evidence to support the termination of the mother's parental rights, termination of rights is in the child's best interests, and no statutory mitigating factors preclude termination of rights.  We therefore affirm.

Under Iowa Code section 232.116(1)(h) (2015), the court may terminate the rights of a parent to a child if: (1) the child is three years old or younger, (2) the child has been adjudicated a CINA under section 232.96, (3) the child has been out of the parent's custody for at least six of the last twelve months or the last six consecutive months, and (4) "[t]here is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."  The mother challenges the State's showing of the fourth element.

K.Y. was born in December 2013,[2] and she came to the attention of the department of human services (DHS) after being hospitalized and diagnosed as failure to thrive with no medical reason.  Services were offered to the mother, but the child was removed from the mother's care on May 29, 2014.  By stipulation of the parties, the child was adjudicated as a child in need of assistance on June 4, 2014.  Custody of the child is with DHS for purposes of foster family care.  While

---

[1] The father consented to the termination of his parental rights and does not appeal.
[2] The mother has two older children.  The mother relinquished her parental rights with respect to the oldest of these children; the other child is in the custody of the biological father.

there have been attempts at semi-supervised and overnight visits with frequent drop-ins, there have been no trial home placements.

A petition to terminate the mother's rights was filed on December 9, 2014. Following a trial held on April 27 and May 11, 2015, the juvenile court found clear and convincing evidence that the child could not be returned to the custody of the mother at the present time. The court wrote:

> [The child] is a healthy and happy child who is currently thriving in foster family care. Due to her prior diagnosis of failure to thrive, with no medical reason, it is essential that she have a structured routine. [The child] has made significant progress while in foster family care and has been consistently gaining weight. Additionally, she has a heart condition (two holes in her heart) that needs to be watched, and in February 2015 she was diagnosed with scoliosis. [The mother] testified that she can "usually" recognize when [the child] is sick and maintains a refrigerator list to help her maintain a routine for [the child].
> . . . .
> Providers have been working with [the mother] since the onset of this case with budgeting. [The mother] has repeatedly failed to take any of their suggestions as to housing, budgeting and being financially responsible. She is consistently late in paying her rent. Her current employment is insufficient to meet her financial needs. [The mother] has taken out payday loans to try and acquire the things that she needs, only to owe much more later. Instead of planning ahead and working with the resources that are available to her, she makes inappropriate financial decisions.
> The biggest ongoing barrier to reunification efforts is [the mother]'s cognitive disabilities, given [the child]'s age. The court has no doubt the [the mother] wants to learn parenting skills so that she can meet her daughter's needs. However, efforts to progress to the point where [the child] could be safely returned home have not been successful. [The mother] has not demonstrated sufficient decision-making ability to convince the department that [the child] would be safe 24/7 in her mother's care. Multiple efforts have been made to walk [the mother] through a variety of scenarios that parents are required to address and react to on a daily basis without success.
> The court finds that the State has proven by clear and convincing evidence that the mother's parental rights should be terminated pursuant to Iowa Code section 232.116(1)(h).

It is true that a parent's "lower mental functioning alone is not sufficient grounds for termination." *In re D.W.*, 791 N.W.2d 703, 708 (Iowa 2010). "But where it affects the child's well-being, it can be a relevant consideration." *A.M.*, 843 N.W.2d at 111; *see also In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010) (emphasizing that the father's "poor decision making makes him unable to provide a safe and nurturing home for his child"). Adopting the juvenile court's findings as our own, we agree that termination is proper under section 232.116(1)(h).

The mother also asserts termination of her parental rights is not in the child's best interests. With respect to a child's "best interests," Iowa Code section 232.116(2) provides that we are to "give primary consideration to the child's safety," "to the best placement for furthering the long-term nurturing and growth," and "to the physical, mental, and emotional condition and needs of the child." The court may consider the parent's mental capacity or mental condition, *see* Iowa Code § 232.116(2)(a), as well as the child's "integration into a foster family." *Id.* § 232.116(2)(b).

We acknowledge the mother has made some progress and attempts to cooperate with services. We note the mother has ongoing mental health issues that she does not address in a consistent manner. She also has diminished cognitive abilities and does not retain pertinent parenting-skill information. As found by the juvenile court, she "struggles to understand, interpret, and articulate verbal information." Again, we adopt the juvenile court's findings:

> Permanency for children is critical to positive outcomes and success in life. Research indicates that a child must have a relationship with at least one adult who is nurturing, protective and

fosters trust and security over time to become a physiologically healthy adult. Stability of relationships is important because day-to-day consistency of care giving directly impacts a child's ability to trust, love and cope.

All parties agree [the child] is in need of permanency today. She has medical needs that require a structured, consistent living environment. As a result, [the child] is more likely to get sick than other children her age and her mother testified that she can only, usually, recognize when she is sick. When the mother's visitations were expanded, it resulted in increased illness for [the child] and concerns that she was not eating timely. There is no question that [the mother] loves her daughter, but she has been unable to demonstrate that she can meet all of her needs on a consistent, appropriate and regular basis.

We conclude it is in the child's best interests that the mother's parental rights be terminated. The mother does not assert any mitigating factor found in section 232.116(3) is applicable. Consequently, we affirm the termination of the mother's rights.

**AFFIRMED.**